IN THE MATTER OF THE APPLICATION OF JAY GOULD COTTON FOR A WRIT OF HABEAS CORPUS.

Submitted May term, 1946—Decided June 14, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the applicant, *Robert Queen.*

*Contra, Walter D. Van Riper,* Attorney-General.

PER CURIAM.

The petitioner seems to have been convicted of crime in the courts of Georgia. Thereafter he was found in this state, and the authorities of the State of Georgia instituted extradition proceedings to the end that he be returned to that state to serve his sentence. He seems to have been arrested accordingly and obtained from Mr. Justice Perskie a writ of *habeas corpus* with a view of setting aside such arrest. On the hearing before the said justice it transpired that the proceedings for extradition were entirely regular, but it was claimed that there was legal irregularity in the trial and conviction of the applicant in the State of Georgia. Mr. Justice Perskie ruled that the only proper inquiry in this state was the regularity of the extradition proceedings and that the courts of this state would not rule on the question of the regularity of the proceedings resulting in the conviction. Application is now made for a writ of *certiorari* to review the decision of Mr. Justice Perskie.

A similar case, *In re Powell,* was decided less than two months ago by a justice of this court in an opinion filed by him, which reads in part as follows: "The only question raised on this application is the property of prosecutor's conviction and its affirmance in the courts of Georgia. It is

asserted that prosecutor was denied a fair and impartial trial; and that his conviction was the result of bias and prejudice. It is clear that the asylum state of a person fleeing the state of his conviction for crime has no right to consider the merits of his trial, but only the question as to the obligation of the asylum state to surrender the person to the state from which he fled." We concur fully in that ruling and may add that no question of the jurisdiction of the Georgia court is raised before us nor, so far as appears, was it raised before Mr. Justice Perskie.

For the reasons stated in the memorandum in the Powell case, the present application is denied.